# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | Cr. No. **11-CR-20044-JPM** |
| vs. | * | |
| | * | |
| **CHASTAIN MONTGOMERY, SR.,** | * | |
| | * | |
| Defendant. | * | |

## NOTICE OF INTENT TO SEEK THE DEATH PENALTY

COMES NOW the United States of America, pursuant to 18 U.S.C. § 3593(a), by and through its undersigned counsel, and notifies the Court and Defendant Chastain Montgomery, Sr., and his counsel, Michael Scholl, Esq. and Anne Tipton, Esq., that the Government believes the circumstances of the offenses charged in Counts One, Two, Five and Six of the Indictment are such that, in the event of a conviction, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598), of Title 18 of the United States Code, and that the Government will seek sentences of death for these offenses, that is, the murder of two employees of the United States while the employees were engaged in their official duties and during the perpetration of a robbery, in violation of Title 18, United States Code, Section 1114 as charged in Counts One and Two; and firearms murder in violation of Title 18, United States Code, Section 924(j) as Charged in Counts Five and Six, all of which carry a possible sentence of death.

The United States proposes to prove the following factors as justifying a sentence of death.

A. **Statutory Threshold Findings Enumerated Under 18 U.S.C. § 3591(a)(1) and (2)(A-D)**.

The government will seek to prove the following threshold findings as the basis for the imposition of the death penalty in relation to Counts One, Two, Five and Six of the Indictment:

1. The defendant, Chastain Montgomery, Sr., was eighteen (18) years of age or older at the time of the offense. Section 3591(a).

2. The defendant, Chastain Montgomery, Sr., intentionally killed the victim, Paula Robinson. Section 3591(a)(2)(A). (Counts One and Five)

3. The defendant, Chastain Montgomery, Sr., intentionally inflicted serious bodily injury that resulted in the death of the victim, Paula Robinson. Section 3591(a)(2)(B). (Counts One and Five)

4. The defendant, Chastain Montgomery, Sr., intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims, Judy Spray and Paula Robinson, died as a direct result of the act. Section 3591(a)(2)(C).

5. The defendant, Chastain Montgomery, Sr., intentionally engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Judy Spray and Paula Robinson died as a direct result of the act. Section 3591(a)(2)(D).

**B.     Statutory Aggravating Factors Enumerated Under 18 U.S.C. § 3592(c)-**

The United States will seek to prove the following statutory aggravating factors as the basis for the imposition of the death penalty in relation to Counts One and Two of the Indictment:

1. **Pecuniary Gain.** The defendant, Chastain Montgomery, Sr., committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value. (18 U.S.C. § 3592(c)(8)).

2. **Multiple killings or attempted killings**. The defendant, Chastain Montgomery, Sr., intentionally killed or attempted to kill more than one person in a single criminal episode. (18 U.S.C. § 3592(c)(16)).

**C.     Non-Statutory Aggravating Factors Identified Under 18 U.S.C. § 3593(a)(2)**

The United States will seek to prove the following non-statutory aggravating factors as the basis for the imposition of the death penalty in relation to Counts One, Two, Five and Six of the Indictment:

1. **Victim Impact Evidence**

As reflected by victim Paula Robinson's and victim Judy Spray's personal characteristics as individual human beings and the impact of the victims' murders on the victims and the victims' families, friends, and colleagues, the defendant caused loss, injury, and harm to the victims and the victims' families, friends, and colleagues, including, but not limited to the following:

(a) **Characteristics of the Victims**

(i) The defendant caused the death of Paula Robinson, a 33-year old wife, mother and employee with the United States Postal Service, who enjoyed a strong relationship with her family and co-workers.

    **(ii)**  The defendant caused the death of Judy Spray, a 59-year old wife, mother, grandmother and employee of the United States Postal Service, who enjoyed a strong relationship with her family and co-workers.

  **(b)**  **Impact of the Offense on the Families of the Victims**

  The victims' families have suffered severe and irreparable harm including, but not limited to, emotional distress, grief, loss of companionship, and loss of emotional and financial support.

  **(c)**  **Impact of the Offense on the Employer and Colleagues of the Victims**

  The victims' employer, the United States Postal Service, and the victims' colleagues within the United States Postal Service have suffered substantial and irreparable harm, including, but not limited to, emotional distress, grief, loss of companionship, and loss of service.

 **2.**  **Status of the Victims**

Victims Paula Robinson and Judy Spray were employees of the United States and the United States Postal Service and were killed while on duty in the performance of their official duties at a United States Post Office.

 **3.**  **Murder During the Course of a Robbery**

The Defendant killed Paula Robinson and Judy Spray during the commission of the armed robbery of a United States Post Office.

 **4.**  **Continued Violent Criminal Acts Committed after the October 18, 2010 Henning Post Office Murder**

The defendant continued to commit violent criminal acts after the October 18, 2010 Henning Post Office murders including, but not limited to the following:

4

(a) The armed robbery of Southeast Financial Federal Credit Union in Lavergne, Tennessee, on October 29, 2010.

(b) The armed robbery of the Mid-South Bank in Smyrna, Tennessee, on November 29, 2010.

(c) The armed carjacking of Bill Petty, in Nashville, Tennessee, on February 14, 2011.

(d) Conspiracy to commit armed robbery on or about February 14, 2011.

**5.    Use of 18-Year-Old Son as Accomplice in Planning and Committing a Series of Violent Crimes Resulting in the Son's Death**

The defendant used his 18-year-old son, Chastain Montgomery, Jr., as his accomplice in planning and committing a series of violent crimes from October 18, 2010 to February 14, 2011, ultimately resulting in his son's death on February 14, 2011.

**6.    Lack of Remorse**

The defendant has demonstrated a lack of remorse for the murder of the victims as evidenced by his actions during and following the murders and by his statements made to law enforcement officers after his arrest.

**7.    Future Dangerousness**

The defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others as evidenced by his participation in other serious violent acts and his institutional misconduct while imprisoned awaiting trial, including, but not limited to the following:

(a)  The conduct charged in the Indictment.

(b) The armed robbery of Southeast Financial Federal Credit Union in Lavergne, Tennessee, on October 29, 2010.

(c) The armed robbery of the Mid-South Bank in Smyrna, Tennessee, on November 29, 2010.

(d) The armed carjacking of Bill Petty, in Nashville, Tennessee, on February 14, 2011.

(e) Conspiracy to commit armed robbery on or about February 14, 2011.

(f) Planning to escape when brought to court by attacking a Deputy U.S. Marshal with a "shank;"

(g) Possessing plastic trays and pieces of plastic trays in his cell at the federal pretrial detention facility in Mason, Tennessee, with the intent to make a weapon (a "shank") out of these materials; and

(h) Attempting to assault a correctional officer after being found with "shank" making materials in his cell.

The United States further gives notice that, in support of the imposition of the death penalty, in addition to evidence of the above-listed aggravating factors, it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as alleged in the Indictment as they relate to the background and character of the defendant, Chastain Montgomery, Sr., his moral culpability, and the nature and circumstances of the offenses charged in Counts One, Two, Five and Six of the Indictment.

WHEREFORE, the United States very respectfully requests that its compliance with 18 U.S.C. § 3593(a) be noted.

Respectfully submitted,

s/EDWARD L. STANTON III
EDWARD L. STANTON III
United States Attorney
167 N. Main Street, Room 800
Memphis, TN 38103

s/TONY R. ARVIN
TONY R. ARVIN
Assistant United States Attorney
167 N. Main, Room 800
Memphis, TN  38103

s/LORRAINE CRAIG
LORRAINE CRAIG
Assistant United States Attorney
167 N. Main, Room 800
Memphis, TN  38103

## CERTIFICATE OF SERVICE

I, Tony R. Arvin, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a true copy of the foregoing document was forwarded by electronic means via the district court electronic filing system to the Attorneys for Defendant-Chastain Montgomery, Sr.

This 15th day of March, 2013.

s/TONY R. ARVIN
TONY R. ARVIN
Assistant United States Attorney

s/LORRAINE CRAIG
LORRAINE CRAIG
Assistant United States Attorney